**The document below is hereby signed.**

**Dated: June 28, 2011.**

_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

In re                            )
                                 )   Case No. 09-00783
ANITA HEATHER KERNACS,           )   (Chapter 7)
                                 )
        Debtor.                  )   **Not for publication in**
                                 )   **West's Bankruptcy Reporter.**

MEMORANDUM DECISION RE MOTION OF DEBTOR TO
RECONSIDER ORDER DENYING DEBTOR'S CONTEMPT MOTION

　　　The debtor has filed a praecipe and letter asking the court to reconsider its March 4, 2011 Order denying the debtor's Motion for Finding of Contempt and Imposition of Sanctions for Violations of the Discharge Injunction in Seeking to Collect on Predischarged Debt (Dkt. No. 84, filed May 12, 2011).  The debtor contends that relief is appropriate because the "Debtor's Attorney withheld important case information and Debtor was told this was going to be a short hearing and Debtor was not advised that Debtor was able to have witness testimony."  Further, the debtor notes that her attorney did not enter into evidence a photograph of her Blackberry screen showing untraceable calls, did not rebut why the debtor failed to seek a loan modification through Ocwen, and failed to elicit testimony regarding the

debtor's "nightmarish history" of loan modification with Saxon Mortgage. The debtor attaches to her letter 12 exhibits in support of her arguments and urges the court to reevaluate its decision in light of this evidence. Because the debtor's request to reconsider is untimely under Rule 9023 and because it fails to set forth adequate grounds for relief under Rule 9024, I will deny the debtor's request.

To the extent the debtor's letter could be construed as a motion under Fed. R. Bankr. P. 9023 to reconsider the court's March 4, 2011 Order, it must be denied as untimely. Under Rule 9023, motions to reconsider must be filed within 14 days of the entry of the order.

To the extent the debtor's letter could be construed as a motion under Rule 9024, it must be denied because it fails to set forth any cognizable grounds for relief under Fed. R. Civ. P. 60(b) (incorporated by reference into bankruptcy proceedings by Fed. R. Bankr. P. 9024). Under Rule 60(b), the court may relieve a party from a final judgment for six enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) satisfaction, discharge, or release of the judgment; or (6) any other reason that justifies

2

relief.

The debtor has neither alleged nor shown that the evidence she seeks to have the court consider is newly discovered or could not have been discovered with reasonable diligence. Additionally, the debtor's contentions that her attorney failed to introduce certain evidence or elicit certain testimony likewise fails to demonstrate mistake, inadvertence, surprise, or excusable neglect, or fraud, misrepresentation, or misconduct by opposing counsel. Fed. R. Civ. P. 60(b)(1), (3). Finally, none of the arguments or evidence the debtor asks the court to consider qualify under the catchall provision of Rule 60(b)(6), which requires the moving party to show "extraordinary circumstances" that justify relief, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Akermann v. United States*, 340 U.S. 193, 199 (1950)), and which "should be only sparingly used," *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980): the debtor's dissatisfaction with the way her attorney chose to prosecute her case is not an "extraordinary circumstance" warranting relief.

Lastly, even if the court were to consider the debtor's evidence, it would not alter the court's decision. The court denied the debtor's motion because none of the written communications from the lenders of which she complained could reasonably be said to have violated the discharge injunction,

3

because the debtor presented no evidence that the phone calls she received in any way attempted to collect the debt as a personal liability, and because the debtor presented insufficient evidence of her damages.  Trans. 3/1/2011 hearing at 16-21 (Dkt. No. 82). None of the new evidence the debtor submits addresses these bases for the decision and, accordingly, is insufficient to warrant relief from the judgment.

First, none of the written communication contained in the new evidence constitutes a violation of the injunction by the lenders because it cannot reasonably be interpreted as attempts to coerce the debtor into making payments on her personal debt. Civil contempt requires a showing of a violation of an injunction by clear and convincing evidence.  The hodgepodge of exhibits the debtor submits falls woefully short of that evidentiary burden. The debtor's exhibits are addressed in turn.

Debtor's Exhibit #4, a tax form sent to the debtor from Ocwen as required by law, clearly could not be interpreted as an attempt by Ocwen to collect debt as a personal liability: the purpose of the form is to provide the debtor with information relevant to her taxes, and, like other reports of the account balance presented at the contempt hearing, the form only contains "accurate information regarding the mortgage, which remained an *in rem* obligation of the debtor."  Trans. at 15.  In sum, "[i]t is the sort of communication that a mortgagee ought to be sending

4

a mortgagor, in light of the fact that . . . an *in rem* relationship continues with respect to the home mortgage, even after a discharge is entered." *Id*.

    Exhibit #5, an article stating that "Ocwen is known for its work in bringing highly distressed loans back to performing status through use of behavior science and targeted borrower communication technologies," gives no information about the nature of communication between Ocwen and this particular debtor, and therefore has no bearing on whether Ocwen violated the discharge injunction.

    Exhibits #6, #8, and #12, containing written communication from Ocwen to the debtor, also cannot reasonably be understood as an attempt by Ocwen to collect debt as a personal obligation. Exhibit #6, a letter from Ocwen to the debtor titled "Risk of Losing Final Modification Agreement," does not seek to coerce payment but can be read as relating only to modification of the mortgage. Exhibit #8 contains a request for information about the mortgage sent by the debtor to Ocwen, as well as Ocwen's response to that request. Communication sent at the request of the debtor cannot be understood by the debtor as a lender's attempt to coerce payment of discharged personal debt. *See* Trans. at 17. Finally, Exhibit #12 contains communication from Ocwen concerning how it protects current and past customers' financial information, and allows the debtor to request that her

information not be made available to Ocwen's affiliates or other entities. This communication makes no reference to the debtor's mortgage balance, and is obviously not an attempt to collect on that balance.

If there was any remaining doubt as to whether Exhibits #8 and #12 constitute attempts to collect debt as a personal liability, these exhibits contain disclaimer language identical to that considered by the court at the contempt hearing: "[I]f the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as or does not constitute an attempt to collect a debt." This court found that where communication "includes the usual disclaimer at the bottom," there is a strong inference that the communication was not an attempt to collect a debt as a personal liability in violation of the discharge. Trans. at 17. The debtor points out that the tax form in Exhibit #4 does not contain the disclaimer language, see Debtor's Mot. at 1, however a tax form that Ocwen is required to send by law need not have such language because it is clearly not an attempt to collect debt as a personal liability, as per the foregoing discussion of Exhibit #4.

Exhibits #1-#3 and #7-#9 contain documents that pertain to state law issues, and have no bearing on the question of whether the lenders' communications violated the discharge injunction contained in Section 524(a) of the Bankruptcy Code.

6

Particularly, Exhibits #1, #7, #8, and #9 relate to the issue of what entity owns the debtor's mortgage note. The debtor claims that the ownership of the note is unknown, that "per DC law it is not the Borrower's job to prove the Note," that lenders' counsel "falsely stated" that Morgan Stanley is the owner of the note, and that the note's status as a "lost" note, in conjunction with other factors, "dismisses in rem rights." Debtor's Mot. at 2. Exhibit #2 pertains to lenders' licensing obligations under Maryland Mortgage Lender Law, and references an action brought by the Maryland Commissioner of Financial Regulation against Saxon for failure to fulfill those obligations. Exhibit #3 pertains to D.C. law requiring lenders to record all transfers of mortgage interests. To the extent that any of these exhibits is grounds for actions the debtor might bring against lenders under D.C. or Maryland law, they are certainly not relevant to debtor's action against lenders for violation of the discharge injunction.

The debtor's discussion of Exhibit #9 also contains a summary and decision from an action by another debtor against Ocwen, *Wagner v. Ocwen Fed. Bank*, No. 99 C 5404, 2000 U.S. Dist. Lexis 12463 (N.D. Ill. Aug. 28, 2000). In that case, the court addressed whether a debtor, suing a creditor for attempting to collect a debt that had been discharged, could seek a remedy for violation of the Fair Debt Collection Practices Act. *Id*. This case is clearly not relevant to either debtor's motion for

7

contempt or her current motion for relief from the order denying that motion, both of which pertain to a violation of the discharge injunction pursuant to Section 524(a) of the Bankruptcy Code.

Finally, the debtor alleges that Exhibits #10 and #11 contain evidence that the lenders attempted to coerce the debtor to participate in a deposition by the lenders in the contempt lawsuit, and in a class action lawsuit against Ocwen in the Northern District of Illinois. Discovery, contrary to the debtor's belief, <u>is</u> allowed in contested matters, just as in adversary proceedings. These were not attempts to coerce the debtor to pay debt as a personal liability, and are therefore irrelevant to this court's ruling in favor of the lenders.

As to the numerous phone calls allegedly received by the debtor, none of the new evidence provided by the debtor sheds light on the nature of these calls. With respect to any calls directly from Ocwen, this court found that without "detail regarding the exact tenor of th[ese] discussion[s]," it could not determine whether the calls constituted impermissible attempts by Ocwen to collect personal debt. Trans. at 20. The debtor claims the existence of a "photograph of Black Berry screen of untraceable calls, immediately sent to Debtor's Attorney along with a narrative and names of callers from Ocwen." Debtor's Mot. at 1. However, the debtor did not provide this information to

the court in her Motion and, even if she had, this information tells the court nothing about the nature of the calls and whether they were attempts to collect the debt as a personal liability.

Finally, none of the evidence attempts to show damages suffered by the debtor as a result of the alleged injunction violation. Any stress that could be inferred from the debtor's receipt of the communications in Exhibit #6, for example, is insufficient, just as "the stress of receiving the telephone calls from Ocwen" was found to be insufficient at the contempt hearing. Trans. at 20-21. Further, the debtor's allegation that Saxon "forced Debtor into Bankruptcy by ruining Debtor's credit," Debtor's Mot. at 1, in no way establishes damages suffered as a result of violation of the discharge injunction.

For the foregoing reasons, I will deny the debtor's Motion to reconsider my March 4, 2011 Order.

A separate order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Chapter 7 Trustee; Office of United States Trustee.