**The document below is hereby signed.**
**Signed: June 28, 2011.**

_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA
```

In re                        )
                             )   Case No. 09-00783
ANITA HEATHER KERNACS,       )   (Chapter 7)
                             )
         Debtor.             )   **Not for publication in**
                             )   **West's Bankruptcy Reporter.**

MEMORANDUM DECISION AND ORDER RE MOTION
TO DISMISS OPPOSITION FOR RECONSIDERATION

The debtor's Motion to Dismiss Opposition for Reconsideration will be denied.

I

The motion seeks to strike the opposition filed to the debtor's motion for reconsideration of the court's order dismissing her motion for contempt. The arguments she raises do not warrant striking the opposition, and appear to be more in the nature of a reply that addresses anew her motion to reconsider.

The debtor alleges that she was misled by her attorney regarding the time for taking an appeal. That provides no basis for reconsidering the order denying her contempt motion.

Similarly, she contends that the fraud of the creditors allows her to disregard the statute of limitations for an appeal.

Perhaps what she is arguing is that reconsideration is appropriate under Rule 60(b)(3) based on fraud.  The type of fraud to which she generally points, however, was fraud in the mortgage process, not fraud in the litigation of the civil contempt motion such as to form a basis for relief under Rule 60(b)(3).  The one exception to this observation is the debtor's statement that the lenders "lied to the Court about the HAMP remodification after being bailed out by the government," but that statement fails to identify the lie, and fails to articulate how the contempt ruling would have been different had that lie not occurred.  It thus forms no basis for Rule 60(b)(3) relief.

Moreover, even if the court were to re-visit its contempt ruling, the "fraud" to which the debtor generally points logically has nothing to do with the allegations of civil contempt, and instead is alleged fraud regarding the mortgage process, nonbankruptcy claims that she is free to pursue elsewhere.  Her faulty logic is that because the creditors are "Pretendlenders" who had no *in rem* rights (as they could not prove ownership of the mortgage lien), any communications made by them to her necessarily were an attempt to collect on a discharged unsecured debt.  Again, however, the fraudulent assertion of *in rem* rights proves an attempt to enforce the lien, regardless of how wrong, under nonbankruptcy law, the creditors may have been in asserting that they held the lien.  It does not

2

prove an attempt to collect the debt associated with the lien as a personal liability.  Even if this alleged "fraud" could be viewed differently, the debtor has not shown a reason under Rule 60 to permit relitigation of the court's ruling that there was no contempt.

## II

The motion also seeks to "dismiss" one of the creditors' attorneys based on alleged misrepresentations by that attorney. The opposition to the motion for reconsideration was signed by another attorney on behalf of the creditors, and, thus, "dismissing" that attorney would not have any impact on the opposition to the motion to reconsider.  Accordingly, even if the debtor's conclusory allegations of misconduct were given any weight, they do not warrant any action by this court in relation to the motion to reconsider.  The debtor says she will pursue the allegations of misconduct via a bar complaint.  That is the appropriate vehicle for pursuing those allegations if they have any merit.

## III

In accordance with the foregoing, it is

ORDERED that the debtor's Motion to Dismiss Opposition for Reconsideration is DENIED.

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Chapter 7 Trustee; Office of United States Trustee.

3

R:\Common\TeelBM\Barnett\Orders\Reconsider\Deny Motion to Dismiss Oppo to Reconsider Mtn (Ferrara).wpd